JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 22-672 JGB (KKx)** | Date | February 21, 2023 |
| Title | *Quonset Partners, LLC v. City of Coachella, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order (1) GRANTING Defendant's Motion to Dismiss (Dkt. No. 27); and (2) VACATING the February 27, 2023 Hearing (IN CHAMBERS)**

Before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant City of Coachella ("City" or "Defendant"). ("Motion," Dkt. No. 27.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** Defendant's Motion. The February 27, 2023 hearing is **VACATED**.

## I. BACKGROUND

On April 20, 2022, Plaintiff Quonset Partners, LLC ("Quonset" or "Plaintiff") filed a complaint against the City and Does 1 through 100 (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) The Complaint alleges five causes of action: (1) violation of the Fifth and Fourteenth Amendments for procedural due process under 42 U.S.C. § 1983 ("Section 1983") ("Claim 1"); (2) violation of the Fifth and Fourteenth Amendments for substantive due process under Section 1983 ("Claim 2"); (3) inverse condemnation under Section 1983 ("Claim 3"); (4) civil conspiracy ("Claim 4"); and (5) declaratory relief ("Claim 5"). (See Complaint.) On July 13, 2022, the City filed its answer. ("Answer," Dkt. No. 10.)

On November 2, 2022, the City filed a motion for judgment on the pleadings. ("MJOP," Dkt. No. 22.) On December 9, 2022, the Court granted the City's MJOP, dismissed without leave to amend Claims 1, 2, 3, and 5, and dismissed Claim 4 with leave to amend. ("MJOP Order," Dkt. No. 25.)

On December 21, 2022, Plaintiff filed a first amended complaint against the City and Does 1 through 100. ("FAC," Dkt. No. 26.) The FAC alleges a single cause of action for civil conspiracy. (Id.)

On January 4, 2023, the City filed the Motion. (See Mot.) In support of its Motion, the City filed a request for judicial notice.[1] ("RJN," Dkt. No. 27-2.) The Motion was noticed for a hearing on February 6, 2023. (Id.) On January 26, 2023, because the Plaintiff failed to file opposing papers or a notice of non-opposition 21 days before the hearing, the Court continued the hearing on the Motion and ordered Plaintiff to submit opposing papers or a notice of non-opposition by February 6, 2023. ("Order," Dkt. No. 29.) On February 6, 2023, Plaintiff filed a notice of non-opposition to the Motion and requested that the Court grant it leave to amend. (See Non-opp'n.) On February 13, 2023, the City replied. ("Reply," Dkt. No. 31.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15 ("Rule 15") provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'" Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted). The Ninth Circuit instructs courts to consider five factors when deciding whether to grant leave to amend under Rule 15(a): (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of amendment; and (5) whether the plaintiff has previously amended the complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) ("Nunes"); Doe v. United States, 8 F.3d 494, 497 (9th Cir. 1995); see also Foman v. Davis, 371 U.S. 178, 182 (1962). "Futility alone can justify the denial of a motion to amend." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (quoting Nunes, 375 F.3d at 818).

### IV. DISCUSSION

The City moves to dismiss Plaintiff's single claim alleged in its FAC: civil conspiracy. (See MTD.) Plaintiff submits a statement of non-opposition to the Motion on the grounds that discovery is continuing and without discovery, Plaintiff is unable to oppose the City's Motion. (See Opp'n.) Plaintiff requests that the Court grant Plaintiff leave to amend its FAC. (Non-opp'n at 3.) The Court declines Plaintiff's request.

---

[1] Because the Court does not rely on the documents included in the RJN for this order, the Court **DENIES** the RJN.

"[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." City of Los Angeles v. San Pedro Boat Works, 635 F.3d 440, 454 (9th Cir. 2011).  A plaintiff's failure to cure the deficiencies is a "strong indication that [plaintiff] has no additional facts to plead." Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).

In its MJOP Order, the Court identified several pleading defects in Plaintiff's sole remaining cause of action for civil conspiracy.  The Court stated that Plaintiff failed to identify or allege an underlying tort and Plaintiff alleged no facts concerning compliance or excuse with the California Tort Claims Act.  (MJOP Order at 7.)  Plaintiff failed to cure the defects identified in the Court's Order.  (See FAC.)  Plaintiff requests that the Court grant Plaintiff leave to amend so that Plaintiff can continue the discovery process and identify those involved in the alleged civil conspiracy.  (Non-opp'n at 3.)  But that would not cure the deficiencies that the Court identified in its MJOP Order.  Because the Court already gave Plaintiff an opportunity to amend its pleadings and Plaintiff failed to do so, leave to amend would be futile.  Accordingly, the Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's sole claim for civil conspiracy **WITHOUT LEAVE TO AMEND**.[2]

## V.  CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. The City's Motion is **GRANTED**;

2. The February 27, 2023 hearing is **VACATED**;

3. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

---

[2] The Court notes that the City requested that the Court award the City monetary sanctions.  (Mot. at 2.)  The Court declines to do so.